1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| RICKY L. THOMAS, *et al.* | Case No.  1:23-cv-00470-BAM (PC) |
| Plaintiffs, | ORDER TO SEVER ACTION |
| v. | ORDER TO STRIKE UNSIGNED COMPLAINT (ECF No. 1) |
| SHIRLEY, *et al.*, | |
| Defendants. | ORDER TO SUBMIT SIGNED COMPLAINTS AND APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE |
| | **FORTY-FIVE (45) DAY DEADLINE** |

19        Plaintiffs Ricky L. Thomas, Michael R. Green, Terrence Dunson, Shaun Lee, Deshawn

20  Johnson, Aaron Jackson, Charles Miller, Gilbert Morales, Prentice Grant, Robert Elwee, Danny

21  Chaves, Artel Brown, Tevin Hayes, Tommie Iles, Kevin Wilson, Rayshon Gadison, Carlos

22  Augustine, and Dante Leverette ("Plaintiffs") are state prisoners proceeding *pro se* in this civil

23  rights action pursuant to 42 U.S.C. § 1983.

24        The Court has determined that each plaintiff should proceed separately on his own claim

25  in separate cases.  The Federal Rules of Civil Procedure provide that "[o]n motion or on its own,

26  the court may at any time, on just terms, add or drop a party.  The Court may also sever any claim

27  against a party."  Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  *See*

28  *Davis v. Mason Cty.*, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, Plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at Wasco State Prison, in Wasco, California.  In this Court's experience, an action brought by multiple inmate plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the Court will order that Plaintiffs' claims be severed.  Plaintiff Ricky L. Thomas will proceed in this action, while the remaining plaintiffs will proceed in separate civil actions to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own action and his own case number, and will be solely responsible for his own action.

The Clerk of the Court will be directed to randomly assign the new actions to a Magistrate Judge according to the Court's usual assignment of civil cases.

While Plaintiffs Ricky L. Thomas, Terrence Dunson, Michael Green, and Charles Miller have submitted applications to proceed *in forma pauperis*, the remaining plaintiffs have not paid the $402.00 filing fee or submitted applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Finally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court notes that the signature on the complaint does not appear to match the signature of any of the named plaintiffs.  (*See* ECF No. 1, p. 25.)  Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of record or by the party personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); Local Rule 131(b).  As the complaint is not signed by any party, the Court must strike it from the record.  Each Plaintiff will be permitted an opportunity to file a signed complaint (personally signed by that individual plaintiff) that complies with the Federal Rules of Civil Procedure and the Local Rules.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  The complaint, filed March 28, 2023, (ECF No. 1), is STRICKEN for lack of signature;

2.  The claims of Plaintiff Ricky L. Thomas are severed from the claims of the seventeen (17) remaining plaintiffs (all currently housed at Wasco State Prison):

    a.  Michael R. Green, CDCR #T-99776

    b.  Terrrence Dunson, CDCR #V-94394

    c.  Shaun Lee, CDCR #F-83785

    d.  Deshawn Johnson, CDCR #BP-0245

    e.  Aaron Jackson, CDCR #BU-0945

    f.  Charles Miller, CDCR #P-43963

    g.  Gilbert Morales, CDCR #BL-6303

    h.  Prentice Grant, CDCR #BG-2847

    i.  Robert McElwee, CDCR #H-83833

    j.  Danny Chaves, CDCR #BU-2399

    k.  Artel Brown, CDCR #BM-2077

    l.  Tevin Hayes, CDCR #BN-2537

    m.  Tommie Iles, CDCR #BN-3241

    n.  Kevin Wilson, CDCR #AI-6576

    o.  Rayshon Gadison, CDCR #BE-4389

    p.  Carlos Augustine, CDCR #AY-0915

    q.  Dante Leverette, CDCR #BH-3350

3.  Plaintiff Ricky L. Thomas, CDCR #T-93506, shall proceed as the sole plaintiff in this case;

4.  The Clerk of the Court is directed to:

    a.  Open a separate civil action for each of the remaining seventeen (17) plaintiffs;

    b.  Randomly assign each new civil action to a Magistrate Judge according to the Court's usual assignment of civil cases;

    c.  File and docket a copy of this order in the instant action and each of the new civil actions opened for the remaining plaintiffs;

d.  Place a copy of the appropriate *in forma pauperis* application for Plaintiffs

Terrence Dunson (ECF No. 3), Michael Green (ECF No. 4), and Charles Miller

(ECF No. 5), into the new civil actions opened for each of them;

e.  Issue: (1) new case documents bearing the new case number assigned to the

individual action; (2) a civil rights complaint form; and (3) a blank *in forma*

*pauperis* application for a prisoner to each of the remaining plaintiffs;

5.  Within **forty-five (45) days** of the date of service of this order, each Plaintiff (except

Plaintiffs Ricky L. Thomas, Terrence Dunson, Michael Green, and Charles Miller) shall

submit the attached application to proceed *in forma pauperis*, completed and signed, or in

the alternative, pay the $402.00 filing fee for his individual action.  Each plaintiff's

application must bear the docket number assigned to his own individual case;

6.  Within **forty-five (45) days** of the date of service of this order, each Plaintiff SHALL

FILE a signed complaint (personally signed by that individual plaintiff), or a notice of

voluntary dismissal; and

7.  **No requests for extension of time will be granted without a showing of good cause. A**

**Plaintiff's failure to comply with this order will result in dismissal of that Plaintiff's**

**individual action.**

IT IS SO ORDERED.

Dated:   **April 4, 2023**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

4